IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICHOLAS KENNETH TRAMMELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 16-782-GMS |
| ) | |
| POPEYE'S LOUISIANA KITCHEN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

The plaintiff, Nicholas Kenneth Trammell ("Trammell"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit on September 6, 2016, alleging violations of federal statutory rights. He also appears to raise supplemental state claims. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

**I. BACKGROUND**

Trammell alleges unlawful acts occurred from January 1, 2008 through December 31, 2009. The complaint invokes 18 U.S.C. App'x 3B1.1[1] and refers to the "aggravating role perpetrated by [his] manager staff" that violated Trammell's federal statutory rights when he was "terroristically threatened by [his] manager staff that the State police were "coming to get" Trammell for capiases. (D.I. 3 at 4.) Trammell also alleges employment discrimination pursuant to 42 U.S.C. § 12132 by reason of disability and a violation of 42 U.S.C. § 1981 because he was deprived of the right to have personal matters kept private. Trammell seeks compensatory and

---

[1]There is no such statute. It appears that Trammell is referring to the advisory sentencing Guidelines USSG § 3B1.1 that refers to an aggravating factor based upon a defendant's role in the offense.

punitive damages as well as dismissal of all actives criminal charges, a high school diploma, a permanent role on the Love & Hip Hop Hollywood reality show, to become a star on the television show Empire, among other requests.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Trammell proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Trammell leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-

3

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Trammell's complaint is difficult to decipher. To the extent Trammell seeks to raise a claim under the advisory sentencing guidelines, the claim is legally frivolous. *See Anderson v. Google, Inc.*, 2013 WL 2468364, at *2 (N.D. Cal. June 7, 2013) (Claim under the federal criminal sentencing guidelines fails as a matter of law since it invokes a criminal statute without a private right action). To the extent Trammell alleges employment discrimination claim under the ADA by reason of disability, the claim fails. Title I of the ADA, 42 U.S.C. §§ 12111–12117 (employment discrimination), provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *See* 42 U.S.C. § 12112(a). Trammell's allegations do not indicate what, if any, disability Trammel has.

In addition, to the extent Trammel seeks to raise a claim under 42 U.S.C. § 1981 the claim fails. Section § 1981 forbids discrimination on the basis of race in the making of public and private contracts. *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987); *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 385 (3d Cir. 1999). The complaint contains no such allegations.

Also, the ADA and § 1981 claims are time-barred. ADA claims are subject to a two-year limitations period. *See* 10 Del. C.§ 8119; *Buckhart v. Widener Univ.*, 70 F. App'x 52, 54 (3d Cir. 2008) (unpublished). Section 1981 claims have a four-year statute of limitations. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 116 (3d Cir. 2009). It is clear from the face of the complaint that both claims are time-barred. "[W]here the statute of limitations defense is obvious

from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (unpublished) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). After thoroughly reviewing the complaint and applicable law, the court draws on its judicial experience and common sense and concludes that the claims raised by Trammell are frivolous. Therefore, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Finally, to the extent Trammell attempts to raise supplemental state claims, because the complaint fails to state federal claims, the court declines to exercise jurisdiction over any supplemental state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## IV. CONCLUSION

The court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) and will decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In light of the nature of Trammell's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson*, 293 F.3d at 111; *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____Dec 2_____, 2016
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE